FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 28, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REVA G.,[1] | No. 4:20-cv-05221-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | ECF Nos. 16, 18 |
| Defendant. | |

_____

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 16, 18. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 16, and denies Defendant's motion, ECF No. 18.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.920(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy."  42 U.S.C. §

1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

ORDER - 4

1    enumerated impairments, the Commissioner must find the claimant disabled and

2    award benefits.  20 C.F.R. § 416.920(d).

3        If the severity of the claimant's impairment does not meet or exceed the

4    severity of the enumerated impairments, the Commissioner must pause to assess

5    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

6    defined generally as the claimant's ability to perform physical and mental work

7    activities on a sustained basis despite his or her limitations, 20 C.F.R. §

8    416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

9        At step four, the Commissioner considers whether, in view of the claimant's

10    RFC, the claimant is capable of performing work that he or she has performed in

11    the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

12    capable of performing past relevant work, the Commissioner must find that the

13    claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

14    performing such work, the analysis proceeds to step five.

15        At step five, the Commissioner considers whether, in view of the claimant's

16    RFC, the claimant is capable of performing other work in the national economy.

17    20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

18    must also consider vocational factors such as the claimant's age, education and

19    past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

20    Commissioner must find that the claimant is not disabled.  20 C.F.R. §

ORDER - 5

416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On November 16, 2017, Plaintiff applied for Title XVI supplemental security income benefits alleging an amended disability onset date of November 16, 2017.  Tr. 15, 125, 218-33.  The application was denied initially, and on reconsideration.  Tr. 144-52, 156-62.  Plaintiff appeared before an administrative law judge (ALJ) on March 24, 2020.  Tr. 50-89.  On April 30, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-31.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 16, 2017.  Tr. 17.  At step two, the ALJ found that Plaintiff has the following severe impairments: morbid obesity, lumbar degenerative disc disease, chronic obstructive pulmonary

disease, osteoarthritis, a somatic disorder, a depressive disorder, and an anxiety disorder. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ then concluded that Plaintiff has the RFC to perform sedentary work with the following limitations:

> [Plaintiff] requires a sit/stand option every 30 minutes. She is never able to climb ladders, ropes, and scaffolds and rarely able to climb ramps and stairs (defined as less than 15 percent of the workday). She occasionally needs to use a cane for balance; is occasionally able to stoop; never able to crouch, kneel, or crawl; never able to be exposed to wetness or humidity, excessive vibrations, fumes, odors, moving/dangerous machinery, unprotected heights, or uneven surfaces. She is occasionally able to have contact with the public.

Tr. 20.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as inspector, packager; electronics worker; and sub assembler. Tr. 25. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision. Tr. 26.

ORDER - 7

On September 18, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ properly evaluated Plaintiff's symptom claims;

3. Whether the ALJ conducted a proper step-five analysis.

ECF No. 16 at 6.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in rejecting the opinions of Philip Barnard, Ph.D., N.K. Marks, Ph.D., Phyllis Sanchez, Ph.D., Kristine Harrison, Psy.D, Gary Nelson, Ph.D., and Laurie Williams, LMHC. ECF No. 16 at 9-16.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20

ORDER - 8

C.F.R. § 416.920c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical

ORDER - 9

finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 416.920c(b)(3).

The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether the "clear and convincing" and "specific and legitimate" standards still apply. ECF No. 16 at 9-10; ECF No. 18 at 10-12. "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards." *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29,

ORDER - 10

2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3

(W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer

to the new regulations, even where they conflict with prior judicial precedent,

unless the prior judicial construction 'follows from the unambiguous terms of the

statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2020 WL

3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet*

*Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d

Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

unless 'they exceeded the Secretary's authority [or] are arbitrary and

capricious.'").

      There is not a consensus among the district courts as to whether the "clear

and convincing" and "specific and legitimate" standards continue to apply.  *See,*

*e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash.

Nov. 10, 2020) (applying the specific and legitimate standard under the new

regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal.

Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*,

2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new

regulations displace the treating physician rule and the new regulations control);

*Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D.

Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and

legitimate nor clear and convincing standard).  For the sake of consistency in this

District, the Court adopts the rationale and holding articulated on the issue in

*Emilie K. v. Saul*, No. 2:20-cv-00079-SMJ, 2021 WL 864869, *3-4 (E.D. Wash.

Mar. 8, 2021), *appeal docketed*, No. 21-35360 (9th Cir. May 10, 2021).  In *Emilie*

*K.*, this Court held that the ALJ did not err in applying the new regulations over

Ninth Circuit precedent, because the result did not contravene the Administrative

Procedure Act's requirement that decisions include a statement of "findings and

conclusions, and the reasons or basis therefor, on all the material issues of fact,

law, or discretion presented on the record."  *Id.* at *4 (citing 5 U.S.C. § 557(c)(A)).

This rationale has been adopted in other cases with this Court.  *See, e.g., Jeremiah*

*F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL 4071863, at *5 (E.D. Wash.

Sept. 7, 2021).  Nevertheless, it is not clear that the Court's analysis in this matter

would differ in any significant respect under the specific and legitimate standard

set forth in *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

   *1.  Dr. Barnard*

   In September 2016, Dr. Barnard performed a psychological/psychiatric

evaluation and rendered an opinion of Plaintiff's level of functioning.  Tr. 377-381.

Dr. Barnard diagnosed Plaintiff with undifferentiated somatoform disorder,

dysthymic disorder, and borderline intellectual functioning.  Tr. 379.  Dr. Barnard

opined she had severe limits in her ability to communicate and perform effectively

in a work setting and in her ability to complete a normal workday and work week

without interruptions from psychologically based symptoms; marked limitation in

her ability to understand, remember, and persist in tasks by following detailed

instructions; moderate limitation in her ability to understand, remember, and

persist in tasks by following short and simple instructions, in her ability to perform

activities within a schedule, maintain regular attendance, and be punctual within

customary tolerances without special supervision, to maintain appropriate behavior

in a work setting, and to set realistic goals and plan independently.  Tr. 379-80.  He

rated the overall severity of her mental health impairments as marked and opined

she would be so impaired with treatment for a minimum of 15 months and

maximum of 24 months; he recommended a representative payee and noted

vocational training or services may minimize or eliminate barriers to employment.

Tr. 380.  He recommended referral to vocational rehabilitation, consultation with a

nutritionist, and continuation of individual counseling every other week.  *Id.*  The

ALJ found his opinion unpersuasive.  Tr. 22.

First, the ALJ found that Dr. Barnard's opinion was not persuasive because

it was rendered more than a year before Plaintiff's amended alleged onset date.  Tr.

22.  The Ninth Circuit has held "[m]edical opinions that predate the alleged onset

of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d

1155, 1164-65.  The ALJ is required, however, to consider "all medical opinion

ORDER - 13

evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20

C.F.R. § 404.1527(b)).  Indeed, the regulations indicate that medical opinion

evidence predating the claimant's filing can be relevant.  *See* 20 C.F.R.§

416.912(d) (stating that "[b]efore we make a determination that you are not

disabled, we will develop your complete medical history for at least the 12 months

preceding the month in which you file your application unless there is reason to

believe that development of an earlier period is necessary or unless you say that

your disability began less than 12 months before you filed your application.").

Plaintiff's original alleged onset date was 2010, but at the hearing she amended her

alleged onset date to coincide with the date of her current SSI application.[3]  Tr. 22.

Additionally, plaintiff points out Dr. Barnard explained the limits he assessed

would be in effect for a minimum of fifteen months, which is into the period

covered by the date of her current application.  ECF No. 16 at 11, *see* Tr. 380.  On

---

[3] Regardless of alleged onset date, the earliest month for which Plaintiff would

receive benefits is the month following the month she filed the current SSI

application (filed November 2017); payment of SSI benefits is first made the

month after the month initial eligibility is met.  *See* 20 C.F.R. §§ 416.202g,

416.203, 416.330, 416.335, 416.501; SSR 83-20.

ORDER - 14

this record, rejecting Dr. Barnard's opinion because of the date it was rendered is not supported by substantial evidence.

Next, the ALJ found Dr. Barnard's opinion unpersuasive because the opinion was "unsupported by mental health records, which indicate substantially normal findings, as discussed above." Tr. 22. However, there is little discussion in this decision of Plaintiff's mental health impairments or mental health treatment records and no analysis of mental status exam findings or testing conducted by Dr. Barnard or any other provider. *See* Tr. 17-26. While the ALJ summarizes Plaintiff's *physical* health records above the paragraph where he discusses Dr. Barnard's opinion, he dedicates one sentence to her mental health in the summary, noting that "mental health counseling notes from September 2017, before the [Plaintiff's] alleged onset date, include various complaints of anxiety and depression"; the ALJ cites to one page of treatment notes here without analysis or further explanation. Tr. 21. This is insufficient. Without the ALJ offering more than his stated conclusion, the Court is unable to meaningfully review whether the ALJ's interpretation of the evidence, rather than Dr. Barnard's opinion, is rational. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (requiring the ALJ to identify the evidence supporting the found conflict to permit the Court to meaningfully review the ALJ's finding); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do

1  more than state conclusions.  He must set forth his own interpretations and explain

2  why they, rather than the doctors' [opinions] are correct.").

3      Here the ALJ based his conclusions on reportedly normal mental health

4  findings but failed to support his conclusion or discuss Plaintiff's mental health

5  records at all.  The one treatment record the ALJ cites concerning her mental health

6  is from a mental health intake appointment on September 28, 2017, less than two

7  months prior to her current SSI application, where notes reveal she was seeking

8  mental health treatment again due to "increased pressures in her life she was

9  attempting to manage."  Tr. 592.  Review of the longitudinal record reveals a long

10 history of mental health issues with diagnoses of PTSD, major depressive disorder,

11 and anxiety, and more recent records show mental health treatment including

12 medication and counseling with diagnoses of major depressive disorder, PTSD,

13 and general anxiety disorder, with psychological stressors noted by providers

14 including "chronic pain and other health problems."  *See, e.g.*, Tr. 592, 599, 611,

15 614, 617, 620, 623, 626, 632, 635, 638, 641, 644.  The ALJ does not support his

16 findings with any analysis of Plaintiff's mental health records, including recent

17 treatment for chronic pain and depression, and his conclusion that the medical

18 opinion evidence is inconsistent with Plaintiff's mental health treatment records is

19 therefore not supported by substantial evidence.

20

ORDER - 16

On remand, the ALJ is instructed to reconsider Dr. Barnard's opinion and incorporate the limitations into the RFC or give reasons supported by substantial evidence to reject the opinion.

### 2. *Dr. Marks*

In October 2017, Dr. Marks performed a psychological/psychiatric evaluation and rendered an opinion of Plaintiff's level of functioning.  Tr. 384-90. Dr. Marks diagnosed her with unspecified anxiety disorder, unspecified depressive disorder, unspecified somatic symptom and related disorder, borderline intellectual functioning, and an unspecified personality disorder.  Tr. 386-87.  She opined she had marked limitation in her ability to understand, remember and persist in tasks by following detailed instructions, to learn new tasks, adapt to changes in a routine work setting, communicate and perform effectively in a work setting, and to set realistic goals and plan independently; moderate limitation in her ability to understand, remember, and persist in tasks by following very short and simple instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, perform routine tasks without special supervision, make simple work related decisions, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, and in her ability to complete a normal workday and work week without interruptions from psychologically based symptoms.  Tr. 387.  Dr. Marks

ORDER - 17

1   rated the overall severity of her impairments as moderate and opined with available

2   treatment she would be so impaired for 12 months, and that vocational training or

3   services may minimize or eliminate barriers to employment.  Tr. 388.  The ALJ

4   found Dr. Marks's opinion unpersuasive.  Tr. 22.

5         First, the ALJ found that Dr. Marks failed to give an adequate explanation of

6   why [Plaintiff] had marked limitations.  Tr. 22.  The Social Security regulations

7   "give more weight to opinions that are explained than to those that are not."

8   *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

9   "[T]he ALJ need not accept the opinion of any physician … if that opinion is brief,

10  conclusory and inadequately supported by clinical findings."  *Bray v. Comm'r of*

11  *Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2011) (internal quotation marks

12  and brackets omitted).  Here, Dr. Marks explained she reviewed three of Plaintiff's

13  prior psychological evaluations, including one she performed in 2014, and she also

14  performed her own updated clinical interview and mental status exam at the 2017

15  evaluation.  *See* Tr. 383-90.  Dr. Marks provided a summary of Plaintiff's

16  background, including 2016 testing indicating extremely poor recall of visual

17  information, along with intelligence testing suggesting "she cannot understand

18  what she hears very well … has weak nonverbal reasoning skills."  Tr. 384.  Dr.

19  Marks noted her history of mental health diagnoses, and performed an updated

20  clinical interview documenting Plaintiff's continuing reports of symptoms of

1  depression, such as crying for no reason, and "many worries about her health."  Tr.

2  385.  Upon mental status exam, Dr. Marks observed Plaintiff was "inarticulate and

3  had a hard time expressing herself."  Tr. 388.  While she was cooperative, her

4  mood was depressed and her affect was agitated, and Dr. Marks observed she

5  "cried a lot during the interview."  Tr. 389.  While Dr. Marks noted her memory

6  was generally within normal limits, she explained Plaintiff's working memory was

7  "poor" and "she needed everything repeated multiple times."  Fund of knowledge

8  and concentration were not within normal limits, however, and Dr. Marks noted

9  Plaintiff struggled to maintain focus during the evaluation.  Dr. Marks supported

10  her opinion with a summary of prior evaluations, along with updated diagnoses and

11  her findings from a clinical interview and mental status testing.  Accordingly,

12  substantial evidence does not support the ALJ's finding that Dr. Marks failed to

13  give adequate explanation of why Plaintiff had marked limitations.

14      Next, the ALJ found Dr. Marks's opinion unpersuasive because "Dr. Marks

15  relied on the earlier opinion … by Dr. Barnard when making his findings."

16  Consistency is one of the most important factors an ALJ must consider when

17  determining how persuasive a medical opinion is.  20 C.F.R. § 416.920c(b)(2).

18  The more consistent an opinion is with the evidence from other sources, the more

19  persuasive the opinion is.  20 C.F.R. § 416.920c(c)(2).  Here, Dr. Marks

20  documented her review of multiple records prior to her 2017 evaluation, including

ORDER - 19

Dr. Barnard's 2016 evaluation, another provider's 2009 psychological evaluation, and an earlier psychological evaluation Dr. Marks herself performed in 2014. Tr. 384. As discussed *supra*, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Barnard's opinion, and rejection of Dr. Marks's opinion on the basis she relied on Dr. Barnard's opinion is similarly not supported by substantial evidence.

Finally, the ALJ concluded "marked limitations are not supported by Plaintiff's treatment records." An ALJ may discredit physicians' opinions that are unsupported by the record as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). As discussed *supra*, however, the ALJ fails to provide any discussion of Plaintiff's mental health treatment records in this decision. Review of the records shows Plaintiff reported increase in mental health symptoms around the time of her application, she had high scores on depression and anxiety screening, history of trauma, and findings upon mental status exam including depressed and anxious mood, pressured speech, circumstantial thought process, preoccupied and ruminative "depressive" thought content, only partial insight, and impaired ability to make reasonable decisions. *See, e.g.*, Tr. 592-93, 596, 599, 601-604, 606, 610, 640-41. Without the ALJ offering more than his stated conclusion, the Court is unable to meaningfully review whether the ALJ's interpretation of the medical evidence, rather than Dr. Marks's opinion, is rational.

ORDER - 20

On remand, the ALJ is instructed to reconsider Dr. Marks's opinion and incorporate the limitations into the RFC or give reasons supported by substantial evidence to reject the opinion.

### 3. Dr. Sanchez

In October 2017, Dr. Sanchez completed a review of medical evidence, including the opinions of Dr. Barnard and Dr. Marks, and completed a mental severity assignment and mental functional assessment. Tr. 391-93. Dr. Sanchez opined plaintiff had marked limitation in her ability to understand, remember, and persist in tasks by following detailed instructions; marked limits in her ability to learn new tasks, to adapt to changes in a routine work setting, communicate and perform effectively in a work setting, and to set realistic goals and plan independently; she had "significant (moderate)" limitations in her ability to understand, remember, and persist in tasks by following very short and simple instructions, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, perform routine tasks without special supervision, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, to ask simple questions or request assistance, and to complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 393. Dr. Sanchez noted Plaintiff's IQ score of 76 and in a column for diagnosis of "each mental health condition that impairs

ORDER - 21

work function," Dr. Sanchez listed generalized anxiety disorder, persistent depressive disorder (dysthymia), somatic symptom disorder, other specified personality disorder, and unspecified intellectual disorder.  Tr. 394.  The ALJ did not address Dr. Sanchez's opinion in the decision.

Defendant concedes that the ALJ erred in not discussing Dr. Sanchez's opinion, but argues the error is harmless because Dr. Sanchez relied solely on the reports of other evaluators, including Dr. Barnard and Dr. Marks, which the ALJ properly rejected.  ECF No. 18 at 15.  Given the matter is being remanded for the ALJ to reevaluate other medical opinions, the ALJ is directed to consider this opinion on remand.

*4.  Dr. Harrison and Dr. Nelson*

In February 2018, Dr. Harrison opined Plaintiff retains the ability to understand short, simple instructions that are presented clearly and precisely; she retains the ability to carry out simple instructions without complex steps, and she is able to make simple work related decisions that do not require complex decision making; she retains the ability to have superficial contact with the general public, coworkers, and supervisor[s]; she retains the ability to work in a routine environment where her goals are clearly set forth to her; and the medical evidence supports a capacity for simple tasks away from the public.  Tr. 120-22.

ORDER - 22

1    In May 2018, Dr. Nelson opined Plaintiff was capable of remembering and

2    understanding simple, repetitive, and well learned complex instructions; she would

3    have episodic disruption of concentration, persistence and pace (CPP) due to

4    cognitive limits, but retains the capacity to carry out simple one to three step

5    instructions, maintain CPP for up to two hours continuously, maintain adequate

6    attendance, and complete a normal workday and workweek within normal

7    tolerances of a competitive workplace; she would have difficulty working with the

8    general public, but is capable of working within small groups and having

9    superficial contact with supervisors; changes in the work setting could cause her to

10   experience anxiety but she retains the ability to manage common, minimal stresses

11   in an otherwise familiar and routine work setting; she is able to adapt to simple and

12   moderate changes in the workplace, and she can carry out simple and moderate

13   goals and plans as directed by supervisors.  Tr. 137-38.  Dr. Nelson noted he made

14   some changes to the initial medical consultant's opinion to reflect objective

15   evidence and opined the medical evidence "supports a retained capacity for simple

16   tasks away from the public."  Tr. 137.  The ALJ found the opinions of Dr. Harrison

17   and Dr. Nelson unpersuasive.  Tr. 22.

18   The ALJ found the opinions unpersuasive because they were inconsistent

19   with mental status exams, again without citation to or analysis of the medical

20   record.  As the case is being remanded for reconsideration of Dr. Barnard, Dr.

ORDER - 23

1  Marks, and Dr. Sanchez's opinions, the ALJ is also instructed to reconsider the

2  opinions of Dr. Harrison and Dr. Nelson.

3      *5. Ms. Williams*

4      In September 2017, Ms. Williams completed a documentation request for

5  medical or disability condition and rendered an opinion of Plaintiff's level of

6  functioning.  Tr. 373-76.  She reported Plaintiff had specific mental issues that

7  require special accommodation or consideration and that she had diagnoses of

8  post-traumatic stress; major depressive disorder, recurrent episode with anxious

9  distress; and anxiety.  *Id.*  She opined Plaintiff's conditions limited her ability to

10  work, look for work, or prepare for work, and that she was limited in her ability to

11  follow directions, concentrate and focus, interact with people, complete tasks,

12  make and keep appointments, use transportation, read, write, and gather

13  information, and advocate for herself.  *Id.*  She indicated Plaintiff would be unable

14  to participate in work activity.  Tr. 373-74.  She indicated she could not determine

15  if Plaintiff's condition was permanent, but that she had a specific treatment plan

16  she would be providing and monitoring to address Plaintiff's condition that

17  "involves psych evaluations for possible medication management; therapy sessions

18  to assist in preventing deterioration."  *Id.*  She opined Plaintiff needed further

19  evaluation, specifically "psych evaluation to determine if medications will be

20  useful to assist in treatment."  Tr. 375.  The ALJ found Ms. Williams's opinion

1    unpersuasive.  Tr. 22.  As the case is being remanded for reconsideration of the

2    examining and reviewing psychologists' opinions, the ALJ is also instructed to

3    reconsider Ms. William's opinion.

4        Upon remand the ALJ is instructed to reassess all medical opinion evidence

5    and the longitudinal record and incorporate the limitations into the RFC or give

6    reasons supported by substantial evidence to reject the opinions.

7    **B. Plaintiff's Symptom Claims**

8        Plaintiff contends the ALJ erred by failing to rely on reasons that were clear

9    and convincing in discrediting her symptom claims.  ECF No. 16 at 16-19.  An

10   ALJ engages in a two-step analysis to determine whether to discount a claimant's

11   testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

12   "First, the ALJ must determine whether there is objective medical evidence of an

13   underlying impairment which could reasonably be expected to produce the pain or

14   other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

15   "The claimant is not required to show that [the claimant's] impairment could

16   reasonably be expected to cause the severity of the symptom [the claimant] has

17   alleged; [the claimant] need only show that it could reasonably have caused some

18   degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

19       Second, "[i]f the claimant meets the first test and there is no evidence of

20   malingering, the ALJ can only reject the claimant's testimony about the severity of

1  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

2  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

3  omitted).  General findings are insufficient; rather, the ALJ must identify what

4  symptom claims are being discounted and what evidence undermines these claims.

5  *Id*. (quoting *Lester,* 81 F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to

6  sufficiently explain why it discounted claimant's symptom claims)).  "The clear

7  and convincing [evidence] standard is the most demanding required in Social

8  Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc.*

9  *Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

10  Factors to be considered in evaluating the intensity, persistence, and limiting

11  effects of a claimant's symptoms include: 1) daily activities; 2) the location,

12  duration, frequency, and intensity of pain or other symptoms; 3) factors that

13  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

14  side effects of any medication an individual takes or has taken to alleviate pain or

15  other symptoms; 5) treatment, other than medication, an individual receives or has

16  received for relief of pain or other symptoms; 6) any measures other than treatment

17  an individual uses or has used to relieve pain or other symptoms; and 7) any other

18  factors concerning an individual's functional limitations and restrictions due to

19  pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

20  404.1529(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," "to determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record.  Tr. 21.  Having determined a remand is necessary to readdress the medical source opinions, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims.  Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**C. Step Five Analysis**

Plaintiff contends the ALJ erred by failing to provide limitations for all of Plaintiff's impairments in the RFC and the hypothetical to the vocational expert.  ECF No. 16 at 19-20.  As the case is being remanded for the ALJ to reconsider the medical opinion evidence, the ALJ is also instructed to perform the five-step analysis anew, including reconsidering the step-five analysis.

1    **D. Remedy**

2        Plaintiff urges this Court to remand for an immediate award of benefits.

3    ECF No. 16 at 20.  "The decision whether to remand a case for additional

4    evidence, or simply to award benefits is within the discretion of the court."

5    *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*,

6    761 F.2d 530 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for

7    error, the Court "ordinarily must remand to the agency for further proceedings."

8    *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379

9    F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is

10   to remand to the agency for additional investigation or explanation"); *Treichler v.*

11   *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a

12   number of Social Security cases, the Ninth Circuit has "stated or implied that it

13   would be an abuse of discretion for a district court not to remand for an award of

14   benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations

15   omitted).  Under the credit-as-true rule, where (1) the record has been fully

16   developed and further administrative proceedings would serve no useful purpose;

17   (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence,

18   whether claimant testimony or medical opinion; and (3) if the improperly

19   discredited evidence were credited as true, the ALJ would be required to find the

20   claimant disabled on remand, the Court will remand for an award of benefits.

ORDER - 28

*Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the Court finds further proceedings are necessary to resolve conflicts in the record, including conflicting medical opinions. As such, the case is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

1    The District Court Executive is directed to file this Order, provide copies to

2  counsel, and **CLOSE THE FILE**.

3      DATED December 28, 2021.

4          *s/Mary K. Dimke*
          MARY K. DIMKE
5        UNITED STATES DISTRICT JUDGE

ORDER - 30